**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>ACX1 STUDIOS, LLC,<br><br>Debtor. | Case No.: 26-12812-ABA<br><br>Chapter: 7 |
| HENRY VARGAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT D. SCHWARTZ; GIA AARON; and ACX1 STUDIOS, LLC,<br><br>Defendants. | Adv. No.: 26-01196-ABA<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Hearing: August 11, 2026, at 2:00 p.m. |

## MEMORANDUM DECISION

Before the court is the *Motion to Dismiss Adversary Proceeding* filed by Defendant, Robert D. Schwartz ("Schwartz") (the "Motion"), Doc. No. 5, and the many pleadings related thereto, as well as certain defaults that were entered in this Adversary Proceeding. The court finds that because the chapter 7 Debtor ACX1 Studios, LLC is a corporation and cannot receive a discharge under 11 U.S.C. § 727, an action under § 523 and/or § 727 is futile and has no effect. Likewise, the adversary proceeding process is an improper mechanism for Plaintiffs Henry Vargas ("Vargas"), A.T.S. Promotions & Radio Consultants ("ATS"), and Splash 98.5 FM ("Splash", collectively with Vargas and ATS, the "Plaintiffs") to assert their pre-petition claims against the Debtor as there is a proof of claim process for the determination of claims and in fact, Plaintiffs have submitted themselves to that process with the filing of a their proof of claim[1]. As to the claims against the non-debtor Defendants, those Defendants are not subject to this court's jurisdiction and/or the court *cannot* determine nondischargeability claims against non-debtors. Finally, the defaults entered were improper and/or otherwise should be vacated. For the reasons that follow, the court finds that the defaults must be vacated, and the Complaint must be dismissed in its entirety with prejudice.

[1] *See,* proofs of claim Nos. 1-1 and 1-2 (collectively, the "Proof of Claim") in the main bankruptcy case, Bankr. Case No. 26-12812 (the "Main Case")

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND/PROCEDURAL HISTORY

Before the court is: the Motion; the *Opposition to Defendant Robert D. Schwartz's Rule 12(b) Motion to Dismiss Adversary Complaint* filed by Plaintiffs (the "Opposition"), Doc. No. 6; the *Limited Joinder Of Maureen P. Steady, As Chapter 7 Trustee, To Motion Of Robert D. Schwartz To Dismiss Complaint* (the "Trustee Joinder"), Doc. No. 7, filed by Maureen P. Steady (the "Trustee"); *Plaintiffs' Response in Opposition to Limited Joinder of Chapter 7 Trustee to Motion to Dismiss and in Continued Opposition to Motion to Dismiss of Defendant Robert D. Schwartz* (the "Trustee Joinder Opposition"), Doc. No. 13*; Request to Enter Default Judgment Against Defendant, Gia Aaron* ("Default Judgment Request"), Doc. No. 15. the *Response to* the Opposition filed by Schwartz, Doc. No. 20; the *Plaintiffs' Sur-Reply in Further Opposition to Motion to Dismiss of Defendant Robert D. Schwartz and in Support of Rule 9011 Sanctions*, Doc. No. 22, filed by Plaintiffs; the *Opposition to Plaintiff's Motion for Default Judgment and Cross-Motion to Vacate Default and Motion to Dismiss Complaint with Prejudice* (the "Cross-Motion and Joinder"), Doc. No. 23 (collectively with the Motion and the Trustee Joinder, the "Motions"), filed by Defendant Gia Aaron ("Aaron"); and the *Plaintiff's Opposition to Defendant Gia Aaron's Cross-Motion to Vacate Default and Dismiss Adversary Complaint* and *Plaintiff's Memorandum of Law in support of Request to Enter Default Judgment* (the "Cross-Motion and Joinder Opposition"), Doc. Nos. 27 and 28.

On March 13, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a corporation. *See* Doc. 1, Part 6 in the Main Case. On April 27, 2026, the court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code and Maureen P. Steady was appointed the chapter 7 trustee of the Debtor's estate (the "Trustee") and serves as the representative of the estate of the Debtor pursuant to 11 U.S.C. §323(a). In that role, the Trustee has the capacity to sue pursuant to 11 U.S.C. §323(b).

On April 28, 2026, Plaintiffs initiated this Adversary Proceeding by filing a complaint (the "Complaint"), Doc. No. 1, against the Debtor and non-debtors Schwartz and Aaron (collectively with the Debtor, the "Defendants") for: Count I - Nondischargeability Under 11 U.S.C. §523(a)(2)(A); Count II - Nondischargeability Under 11 U.S.C. § 523(a)(4); Count III - Nondischargeability Under 11 U.S.C. § 523(a)(6); Count IV - Civil Conspiracy and Joint Liability (against Schwartz and Aaron); Count V - Breach of Contract /Revenue Sharing Agreement; and Count VI - Objection to Discharge Under 11 U.S.C. § 727 of the Bankruptcy Code. The Motions by the Defendants followed.

A hearing was conducted and concluded on August 11, 2026. Plaintiffs, the Trustee as the bankruptcy estate representative, and Defendants appeared and made arguments. The record is closed, and the matter is ripe for disposition.

**DISCUSSION**

In making its determinations below, the court is cognizant of Plaintiffs' *pro se* status and has accordingly granted Plaintiffs a certain degree of leniency. Indeed, courts are encouraged to be more lenient when a litigant proceeds *pro se*. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL 2771767 (D.N.J. 2010)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se documents are to be liberally construed). Nevertheless, the Supreme Court has noted that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)). Accordingly, the leniency provided to *pro se* litigants does not allow the court to ignore procedural requirements where the undisputed facts and applicable elements of law do not create a cause of action where one does not exist and/or is unnecessary.

**A. <u>THE DEFAULTS</u>**

As a matter of housekeeping, the court must first resolve the issue of the entry of defaults.

**1. <u>Aaron's Default/Default Judgment Request</u>**

On June 10, 2026, a request to enter default judgment against Aaron was made by Plaintiffs for her failure to plead or otherwise defend against the Complaint. Doc. No. 9. On June 16, 2026, the Clerk entered default against Aaron. Doc. No. 10. Plaintiffs then filed their Default Judgment Request which resulted in Aaron filing the Cross Motion and Joinder, seeking, *inter alia*, to vacate/set aside the entry of default.

Rule 55 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055, governs the entry of default and default judgments. *See* Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55. It must be noted that "[t]he entry of default does not automatically entitle the nondefaulting party to the entry of a default judgment." *In re Park*, 272 B.R. 323, 328 (Bankr. D.N.J. 2001). And importantly, the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits ..." *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir. 1988). *See also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) ("[w]e recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside/vacate the default judgment 'so that cases may be decided on their merits.'") (citations omitted). The test is simple:

> "The court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). Where a defendant seeks to set aside an entry of default, the law generally "require[s] [that] doubtful cases be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on the merits." *Taylor v. Gilliam*, 2013 WL 6253654, at *3 (D.N.J. Dec. 4, 2013) (quoting *United States v. $55,518.55 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)) (alterations in original). The Third Circuit sets out that a district court ruling on a motion to set aside entry of default under Rule 55(c) must consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

*Dillman v. Palmer Admin. Servs.,* No. CV 3:23-02456 (ZNQ) (DEA), 2023 WL 11960425, at *1 (D.N.J. Oct. 3, 2023). The test is identical for determining whether to grant or deny a request to enter a default judgment. *In re Torres*, No. 09-34115 (RG), 2017 WL 3316052, at *35 (Bankr. D.N.J. June 15, 2017). It is this test the court considers in determining the Default Judgment Request and the Cross Motion and Joinder. When considering the required factors, denying the Default Judgment Request and setting aside/vacating the default itself are warranted.

Regarding the first factor — whether the plaintiff will be prejudiced if the default were vacated — Plaintiffs argue that vacating the default would prolong the litigation and delay entry of a judgment against Aaron that could aid recovery for creditors. Doc. No. 27, at 6. But, "[u]nder Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.,* 202 F.R.D. 146, 147–48 (E.D. Pa. 2001). Plaintiffs identify no prejudice beyond the delay itself, and this is persuasive. *See Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656–57 (3d Cir. 1982) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding."); *Dizzley*, 202 F.R.D. at 148 ("Three months delay, without more, does not establish prejudice to [the plaintiff].") More compelling, as demonstrated below, since the court cannot afford the relief Plaintiffs seek here, there will be no prejudice to them in vacating the default and/or denying the Default Judgment Request because their rights cannot be impacted. They have no cause of action here while at the same time another forum is available for Plaintiffs to seek relief against the non-debtors. The court is also not swayed by the argument that there will be a delay in the recovery for creditors. Plaintiffs' claims against non-debtors have absolutely no effect on the bankruptcy estate. What is more, it is the Trustee's duty to pursue claims on behalf of the bankruptcy estate for the benefit of creditors. There simply is no prejudice. The court finds that this factor weighs in favor of vacating the entry of default and/or denial of the Default Judgment Request.

As to the second factor, Aaron has a meritorious defense. "Even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989) (quoting 10 Wright & Miller, Federal Practice and Procedure, Civil,

§ 2688, pp. 447–448). *See also Park*, 272 B.R. at 329 and *Torres*, 2017 WL 3316052, at *35. Accordingly, a plaintiff is not entitled to a judgment of default if their claim lacks merit and is unsupported by the law. As more fully explained below, Plaintiffs' claims against Aaron, a non-debtor, relating to dischargeability under 11 U.S.C. § 727 and § 523 are not sufficient to state a claim for relief and are not supported by the law, as only a debtor in bankruptcy is entitled to a discharge. *See In re Peralta*, No. 16-21251 (RG), 2019 WL 6048531, at *5 (Bankr. D.N.J. Nov. 14, 2019) ("Because the Non-Debtor Defendants are not debtors, they cannot be subject to a non-dischargeability judgment. Section 523 does not apply to the Non-Debtor Defendants"); *In re Qureshi*, No. 14-35109(JNP), 2015 WL 5254717, at *2 (Bankr. D.N.J. Sept. 8, 2015) ("[the defendant] cannot be subject to any judgment of non-dischargeability because [the defendant] is not a debtor"); *Matter of Pal Nissan, Inc.,* 126 B.R. 966, 973 (Bankr. W.D. Mich. 1991) ("Section 523(a) only covers instances when debts of a *debtor* shall be determined to be nondischargeable.") Likewise, Count V is a claim for breach of contract against the Debtor, not the non-debtors, and Plaintiffs' Proof of Claim for that claim is being treated through the claims process. There simply is no legal basis supporting a judgment in favor of Plaintiffs against Aaron for the Debtor's alleged breach of contract. *See In re BCML Holding LLC*, No. 18-11600-EPK, 2018 WL 2386814, at *3 (Bankr. S.D. Fla. May 24, 2018) (denying plaintiff's motion for default judgment because "there is no legal basis for entry of judgment consistent with the complaint in this case"); *Park*, 272 B.R. 323, at 329; *Torres*, 2017 WL 3316052, at *35:

> To be entitled to a default judgment, the plaintiff must demonstrate a *prima facie* case by competent evidence. *In re Park,* 272 B.R. 323, 329 (Bankr. D.N.J. 2001). As a result, the plaintiff's allegations must be sufficient to state a claim for relief, but "if the plaintiff's claim lacks merit, and is unsupported by the law, the court may deny a motion for default judgment despite the technical default." *Id.* In *Park,* the court stated that "[a] trial court has wide discretion in determining whether to enter a default judgment, and its decision will not be overturned unless there is an abuse of discretion." *Id.*

Because there is a meritorious defense, i.e., there can be no claim for relief under Counts I, II, III, V, and VI, the Court finds that this factor weighs in favor of vacating the entry of default and/or denial of the Default Judgment Request.

The remaining claim against Aaron is Count IV – Civil Conspiracy and Joint Liability. Notably, a plaintiff is not entitled to entry of a default and/or default judgment if the court does not have subject matter jurisdiction over the action in the first place. *See Grant v. Williams*, No. 119CV16952NLHAMD, 2021 WL 71589, at *6 (D.N.J. Jan. 8, 2021) ("in order to entertain a request for default the Court must have subject matter jurisdiction over the action in the first instance") (citing *Desi's Pizza, Inc. v. City of Wilkes-Barre* 321 F.3d 411, 420 (3d Cir. 2003)). Again, as more fully explained below, the court does not have subject matter jurisdiction to hear Count IV, as it is asserted by non-debtors against a non-debtor and would have no conceivable effect on the bankruptcy estate.[2] *In re DVI, Inc.*, 324 B.R. 548, 553 (Bankr. D. Del. 2005) (finding no "related to" jurisdiction because the claims only involved non-debtor parties and property that was not part of the debtors' estates); *In re Chapman Lumber Co. Inc.*, 343 B.R. 217, 222 (Bankr.

---

[2] This reasoning likewise applies to Count V to the extent, if any, it is asserted directly against Aaron, as it would be a claim between non-debtors.

N.D. Iowa 2006) (finding no subject matter jurisdiction over claims against non-debtor defendant.) Because there is a meritorious defense, or at least a plausible one – i.e., as explained below, the court lacks subject matter jurisdiction over Count IV – there can be no claim for relief under Count IV in this court, leaving the court to conclude that this factor weighs in favor of vacating the entry of default and/or denial of the Default Judgment Request.

Finally, the third factor, culpable conduct, additionally favors vacating the entry of default. The Third Circuit has defined culpable conduct to mean conduct that is "taken willfully or in bad faith." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir.1983)). It is clear, based on Aaron's certification, Doc. No. 23-4, that she believed she shared counsel with her Co-Defendant and did not have to do anything further. Upon learning she was unrepresented in this matter and needed to prepare her own defense, she immediately retained counsel and her Cross Motion and Joinder was filed soon thereafter. *Id*. The court finds Aaron credible and finds that the default was not the result of culpable conduct by Aaron. Aaron's conduct that led to the default was not taken willfully or in bad faith. Because there was no culpable conduct, there can be no claim for relief, and the Court finds that this factor weighs in favor of vacating the entry of default and/or denial of the Default Judgment Request.

Accordingly, the court finds all three (3) factors in favor of vacating the entry of default and/or denial of the Default Judgment Request and also in favor of allowing the case against Aaron to be decided on the merits. *See Dillman* 2023 WL 11960425, at *1. The entry of default against Aaron, Doc. No. 10, is vacating and the Default Judgment Request is denied.

### 2. <u>The Debtor's Default</u>

While not briefed by any party, the court notes an entry of default was also entered against the Debtor, ACX1, on June 16, 2026. *See* Doc. No. 12. Despite the lack of motion to enter a default judgment under Fed. R. Civ. P. 55(b) by Plaintiffs or a motion to vacate the default under Fed. R. Civ. P. 55(c) by the Debtor or Trustee, the court may *sua sponte* vacate an entry of default. *See Feliz v. Kintock Grp.,* 297 F. App'x 131, 137 (3d Cir. 2008) ("we do not take issue with the District Court's authority to *sua sponte* vacate an entry of default"); *Galterio v. SCI Fayette, Dep't of Corr.,* No. 2:23-CV-1287, 2024 WL 1095679, at *1 (W.D. Pa. Mar. 13, 2024) ("nothing in [Rule 55(c)] requires the Court to wait for a defendant's motion to vacate before doing so.") The test set forth in *Dillman*, 2023 WL 11960425 at *1, above, also applies here.

The court finds no prejudice to Plaintiffs in vacating the default. As noted, "[t]he entry of default does not automatically entitle the nondefaulting party to the entry of a default judgment." *Park*, 272 B.R. at 328. And here, Plaintiffs have taken no steps with regard to that default. More is required. Any suggestions that Plaintiffs' claim would be materially impaired because of a loss of evidence, or an increased potential for fraud or collusion, or substantial reliance, or some other substantial reason, *Dizzley,* 202 F.R.D. at 147–48, would be outweighed by Plaintiffs' own delay to do anything with the entry of default. The court is hard-pressed to find that Plaintiffs would be prejudiced by vacating the default where nothing has been done with regard to the entry of default. *See generally In re Skidmore*, No. 11-61526, 2011 WL 6254877, at *2 (Bankr. N.D. Ohio Dec. 14,

2011). Thus, the court finds that this factor weighs in favor of vacating the entry of default against the Debtor.

As to the second factor, the Debtor has a meritorious defense as to Counts I, II, III, and VI. As more fully explained below, Plaintiffs' claims against the Debtor relating to dischargeability are completely unnecessary with no need to pursue them, as a corporate debtor in a Chapter 7 case does not receive a discharge. *See* 11 U.S.C. § 727(a)(1) ("The court shall grant the debtor a discharge, *unless* – (1) the debtor is *not an individual*.") (emphasis added); *In re Moo & Oink, Inc.*, No. 11 B 34616, 2012 WL 987742, at *1 (Bankr. N.D. Ill. Mar. 22, 2012) ("Defendant is a corporation and is therefore not entitled to a discharge under Chapter 7 of the Bankruptcy Code.") Along with that, since there simply is no need for a nondischargeability determination by the court, the court will not waste judicial resources on something that does not have to be legally done. Considering that the relief sought is already provided by statute and that statute does not require or give a basis to pursue nondischargeability through a complaint, there is no basis to seek that duplicative relief separately through the Complaint. There is no need for a trial resulting in a judgment as to Counts I, II, III, and VI and, the default must be vacated. *See BCML Holding,* 2018 WL 2386814, at *3 (denying plaintiff's motion for default judgment because "there is no legal basis for entry of judgment consistent with the complaint in this case").

As to Counts IV and V – to the extent the Debtor is liable, those claims should be brought through the claims allowance process, not in an adversary proceeding. *See In re Buildings by Jamie, Inc.,* 230 B.R. 36, 46 (Bankr. D.N.J. 1998) ("the proper procedure for [plaintiffs] to prosecute claims directly against the debtor is to simply file proofs of claims in accordance with the Bankruptcy Code and Rules.") Indeed, Plaintiffs have already submitted themselves to the claims processing procedure by filing their Proof of Claim in the Main Case. That is where the pre-petition claims against the Debtor will be adjudicated if necessary and all parties' rights are reserved with respect thereto.

In sum, the Complaint raises claims against the Debtor which are not properly brought by way of an adversary proceeding giving rise to a meritorious defense. Because there is a meritorious defense, the Court finds that this factor weighs in favor of vacating the entry of default against the Debtor.

Lastly, there is *no* evidence or argument that the default was due to the Debtor's culpable conduct[3][4] and that factor ways in favor of the Debtor.

---

[3] The court supposes that the same reasoning set forth for this element for Aaron, above, could apply here as Aaron is the Chief Executive Officer of the Debtor. *See* Fed.R.Bankr.P. 7004(3)(A) and Doc. No. 1 in the Main Case.

[4] The Trustee explained at the August 11, 2026 hearing that her delay in filing the Trustee Joinder resulted from her not being served with the Complaint. *See* Doc. Nos. 3 and 4. There is a question of whether the Trustee needed to be served with the Complaint as representative of the Debtor's estate, and whether a default should have been entered against the Debtor despite this lack of service. *See* 11 U.S.C. § 323(a) ("the trustee in a case under this title is the representative of the estate"); *In re Aquilino*, 135 F.4th 119, 126 (3d Cir. 2025) ("the Bankruptcy Code makes the Chapter 7 trustee 'the representative of the estate.'") However, the court need not resolve that issue due to its independent reasons for vacating the default.

Accordingly, the court finds all three (3) factors in favor of vacating the entry of default against the Debtor and also in favor of allowing the case against the Debtor to be decided on the merits. *See Dillman* 2023 WL 11960425, at *1. The entry of default against the Debtor, Doc. No. 12, is vacated.

## B. <u>THE MOTIONS</u>

The court may now address the Motions seeking dismissal under Fed. R. Civ. P. 12(b)(6).

> A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim is made applicable in an adversary proceeding pursuant to Bankruptcy Rule 7012. Fed. R. Bankr. P. 7012; Fed.R.Civ.P. 12(b)(6). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *Wells Fargo Equip. Fin., Inc. v. Alario,* No. 10–37591 MBK, 2011 WL 3510865, at *2 (Bankr. D.N.J. Aug. 9, 2011) "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

*Bender v. Hargrave*, AP 15-02450-ABA, 2016 WL 1147361, at *8 (Bankr. D.N.J. Mar. 9, 2016). What is more, "[i]t is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *In re Speir*, No. ADV. 11-01198, 2012 WL 2094230, at *2 (B.A.P. 9th Cir. June 11, 2012) (citing *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir.2008)).

### 1. <u>The Complaint as to the Debtor Must Be Dismissed</u>

For many of the same reasons set forth in the Defaults portions above, the Complaint must be dismissed. Pursuant to 11 U.S.C. § 727, "[t]he court shall grant the debtor a discharge, *unless* – (1) the debtor is *not an individual*." 11 U.S.C. § 727(a)(1) (emphasis added). Likewise, 11 U.S.C. § 523 provides, "A discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this

title does not discharge an *individual debtor* from any debt…." 11 U.S.C. § 523(a) (emphasis added). As a result, based on the clear language in the statute, where a chapter 7 debtor is a corporation, a complaint objecting to that corporation's discharge under 11 U.S.C. § 727 or § 523 is futile since a corporate debtor in a chapter 7 case does not receive a discharge. Consequently, any action brought objecting to a corporation's discharge, here Counts I, II, III, and VI, will have no effect and must be dismissed. *See Moo & Oink,* 2012 WL 987742, at *1 ("Defendant is a corporation and is therefore not entitled to a discharge under Chapter 7 of the Bankruptcy Code. 11 U .S.C. § 727(a)(1). Section 523 of the Bankruptcy Code prevents a discharge under § 727. *But because Defendant cannot and did not receive a discharge under § 727, an action under § 523 has no effect*. Therefore, those Counts will be dismissed.") (emphasis added); *In re Tri-R Builders, Inc*., 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986) ("to the extent that the [creditor] bring[s] an action under 11 U.S.C. § 727 to deny discharge to the debtor, summary judgment shall issue. It is undisputed that the debtor, [] is a corporation. Due to that status, it is not entitled to discharge under 11 U.S.C. § 727… To the extent that the [creditor's] complaint prayed for a determination of dischargeability of debt under 11 U.S.C. § 523(a)(2), summary judgment shall also be granted... *It is clear, that [the debtor] is not entitled to discharge under § 727. It follows, that the determination of dischargeability of a debt under 11 U.S.C. § 523 is a meaningless task*") (emphasis added); *In re Paradise Farms, Inc.,* No. 12-30111, 2013 WL 4806422, at *4 (Bankr. S.D. Ga. Sept. 9, 2013) (denying creditor's request for an extension of time for objecting to discharge because debtor, as a corporation, will not receive a chapter 7 discharge).

Here, it is not necessary to conduct a trial on the Complaint because it would serve no adjudicative purpose. No matter what, the resulting relief requested in Counts I, II, III, and VI related to nondischargeability claims would remain unchanged. There is simply no need for a trial. The Complaint contravenes judicial economy. "'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system; esp., the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's time and resources.'" *In re Modafinil Antitrust Litig.,* 837 F.3d 238, 268 (3d Cir. 2016), *as amended* (Sept. 29, 2016) (citing *Judicial Economy*, *Black's Law Dictionary* (9th ed. 2009)). Because the Debtor does not receive a discharge, setting up a trial with regard to Counts I, II, III, and VI , with all its related events, is not an efficient management of litigation and most certainly is a waste of the court's time and resources. Counts I, II, III, and VI must be dismissed.

Likewise, Count V against the Debtor must also be dismissed, as it is procedurally improper to bring a pre-petition claim against the Debtor in an adversary proceeding.[5] The proper way is to submit a proof of claim through the claims allowance process*, something which Plaintiffs have already done*, and if objected to, the court will determine the allowed amount of the contested claim after notice and a hearing. *See* Proof of Claim; 11 U.S.C. § 501; § 502; and Fed. R. Bankr. P. 3002. By filing their Proof of Claim, Plaintiffs have submitted to the claims process. There is simply no need for an adversary proceeding and Plaintiffs' attempt here is an unnecessary duplication of the claims process – again, contrary to judicial economy. Indeed, there is no evidence that the Trustee is objecting to the Proof of Claim, making the whole process superfluous. But even if the Trustee does object, the parties' rights are reserved in the claims allowance process.

[5] The court understands that under Count V, Plaintiffs seek recovery from the Debtor only. However, to the extent Plaintiffs also seek relief individually from the non-debtor defendants Schwartz and Aaron, dismissal of and/or abstention as to that Count is discussed below.

Consequently, dismissal of the breach of contract count in the Complaint is appropriate. *See Buildings by Jamie,* 230 B.R. at 46 (dismissing creditors' claims against the debtor because "the proper procedure for them to prosecute claims directly against the debtor is to simply file proofs of claims in accordance with the Bankruptcy Code and Rules"); *In re Lehman Bros. Holdings, Inc.*, No. 08-13555 JMP, 2011 WL 722582, at *7-8 (Bankr. S.D.N.Y. Feb. 22, 2011) (finding the complaint fails to state a claim for which relief may be granted because a prepetition breach of contract claim against the debtor is not a proper subject for an adversary proceeding and should be asserted in the claims allowance process); *In re Liberty Asset Mgmt. Corp.*, No. 2:16-BK-13575-TD, 2017 WL 1100586, at *5 (B.A.P. 9th Cir. Mar. 21, 2017) ("Ordinarily, creditors assert prepetition claims by filing proofs of claim, not complaints or counterclaims in adversary proceedings"); *In re Residential Cap., LLC*, No. 12-12020 (MG), 2014 WL 3057111, at *6 (Bankr. S.D.N.Y. July 7, 2014) ("Damage claims [against the debtor] should be asserted in a proof of claim"). If the proof of claim is not objected to, the claim will be deemed allowed. *See* 11 U.S.C. § 502 ("a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects"). Count V must be dismissed.

Accordingly, the court finds that the Counts I, II, III, V, and VI of the Complaint as to the Debtor must be dismissed with prejudice.

### 2. <u>The Complaint as to Schwartz and Aaron Must Be Dismissed</u>

To start, Plaintiffs seem to have clarified in the Opposition that the claims relating to Sections 523 and 727 of the Bankruptcy Code only apply to the Debtor, and thus the court need not consider Counts I, II, III, and VI as to Schwartz and Aaron (collectively, the "Counts"). Doc. No. 6, at 3 ("The section 523 and section 727 claims are directed primarily at ACX1"); *see generally* Doc. No. 1. However, in the Trustee Joinder Opposition, Plaintiffs state, "[t]he Complaint, read as a whole and construed liberally as required for a pro se plaintiff… makes unmistakably clear that the primary targets of the Section 523 and Section 727 claims are Schwartz and Aaron individually." Doc. No. 13, at 8. Plaintiffs then changed their position once more, stating in their most recent filing that the Section 523 and 727 claims are targeted only at the Debtor. *See* Doc. No. 28, at 2. Despite this change in position and acknowledgement of this position at the hearing on the Motions, Plaintiffs would still not concede immediate dismissal of the Counts and required the court to issue this opinion.

To be sure, the court finds no relief could be obtained as to the Counts against Schwartz and Aaron, as only "a debtor" – someone who files for bankruptcy protection, is eligible for a discharge. *See* 11 U.S.C. § 727(a) ("the court shall grant *the debtor* a discharge…") (emphasis added); 11 U.S.C. §524(a)(1) ("A discharge in a case under this title – voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of *the debtor*…) (emphasis added); *Peralta*, 2019 WL 6048531, at *5 ("Because the Non-Debtor Defendants are not debtors, they cannot be subject to a non-dischargeability judgment. Section 523 does not apply to the Non-Debtor Defendants"); *Qureshi*, 2015 WL 5254717, at *2 ("[the defendant] cannot be subject to any judgment of non-dischargeability because [the defendant] is not a debtor.") Nor would the court have jurisdiction to make a discharge determination against Schwartz and Aaron - two *non-debtors*. *In re Hall*, 651 B.R. 62, 71 (Bankr. M.D. Fla. 2023),

*abrogated by In re 2 Monkey Trading, LLC*, 142 F.4th 1323 (11th Cir. 2025) ("The Court does not have jurisdiction to make such a dischargeability determination against the Nondebtors"); *Pal Nissan,* 126 B.R. at 973 ("Section 523(a) only covers instances when debts of a *debtor* shall be determined to be nondischargeable"). Thus, the Counts seeking relief under 11 U.S.C. § 727 and §523 against Schwartz and Aaron, Counts I, II, III and VI (to the extent it seeks a claim against Scwartz and Aaron) must be dismissed with prejudice as a matter of law.

Plaintiffs allege a claim against Schwartz and Aaron in Count IV – Civil Conspiracy and Joint Liability. Specifically, Plaintiffs allege:

> 63. Defendants Schwartz and Aaron acted in concert and conspiracy with one another to defraud Plaintiff and his investors, to misrepresent the financial condition and property value of ACXl Studios, and to induce Plaintiff to expend resources and capital on their behalf.
>
> 64. Both Defendants knew of and participated in the preparation and distribution of false financial information to Plaintiff and prospective investors.
>
> 65. ACXl Studios, LLC bears primary joint and several liability for all damages suffered by Plaintiff. The individual Defendants Schwartz and Aaron are jointly and severally liable alongside ACXl as the officers, members, and controlling persons whose actions, decisions, and omissions , all carried out in their capacities as agents and representatives of ACX1 , are the direct mechanism of ACXl 's liability.

Compliant, ¶¶ 63-65. This Count must be dismissed as the court does not have jurisdiction to hear this claim.

As to the court's jurisdiction, "[b]ankruptcy jurisdiction extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006), *as amended* (Mar. 17, 2006) (citing *In re Combustion Eng'g, Inc.,* 391 F.3d 190, 225 (3d Cir.2005)). These four categories can be best described as follows:

> The category of cases 'under' title 11 refers merely to the bankruptcy petition itself. A case 'arises under' title 11 if it invokes a substantive right provided by title 11…Proceedings 'arise in' a bankruptcy case, if they have no existence outside of the bankruptcy. Finally, a proceeding is 'related to' a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

*Stoe*, 436 F.3d at 216 (internal citations omitted).

It is clear Count IV does not fall into the first 3 categories of the court's jurisdiction. First, a claim of civil conspiracy, if any, is not a case "under" title 11, as the claim is not derived from the bankruptcy petition itself. Second, the claim does not "arise under" title 11, as it does not invoke a substantive right provided by title 11. Third, the claim does not "arise in" a bankruptcy

case, as it has clear existence outside the bankruptcy and could otherwise be brought in a non-bankruptcy forum as has been explained to Plaintiffs.[6]

This leaves only the fourth category — a related to "non-core" proceeding for which the proceeding's outcome could have any conceivable effect on the bankruptcy estate. *Stoe*, 436 F.3d at 216. Non-core proceedings "'involve disputes over rights that ... have little or no relation to the Bankruptcy Code, do not arise under federal bankruptcy law and would exist in the absence of a bankruptcy case.'" *In re Balensweig*, 410 B.R. 157, 162 (Bankr. S.D.N.Y. 2008) (citation omitted). Even if Plaintiffs were successful in their claim against Schwartz and Aaron, the result would have no conceivable effect on the administration of the estate as required by the Third Circuit as there is no legally sufficient nexus to confer "related to" jurisdiction. *See In re ETFF Corp*., 542 B.R. 180, 183 (Bankr. E.D. Pa. 2015) ("Generally, the adjudication of claims between non-debtor parties are not considered to within a Bankruptcy court's 'related to' jurisdiction"); *DVI,* 324 B.R. at 553 (finding no "related to" jurisdiction because the claims only involved non-debtor parties and property that was not part of the debtors' estates); *Chapman Lumber Co.,* 343 B.R. at 222 (dismissing claims against non-debtor defendant due to lack of "related to" jurisdiction). Notwithstanding Plaintiffs' contention that the Debtor is joint and severally liable under the claim, the court finds that joint and several liability cannot provide a basis for "related to" jurisdiction. *See Quattrone Accts., Inc. v. I.R.S.,* 895 F.2d 921, 926 (3d Cir. 1990) (finding that joint and several liability with the debtor does not confer "related to" jurisdiction over a claim against a non-debtor principal); *In re First Magnus Fin. Corporation*, No. 4:07-AP-00060-JMM, 2008 WL 11628593, at *1 (Bankr. D. Ariz. Feb. 6, 2008) ("That joint and several liability may arguably exist between FMCI and the [d]ebtor is not a legally sufficient nexus to confer otherwise non-existent jurisdiction upon this court"); *In re JTS Trucking LLC*, No. 20-40423-JJR11, 2020 WL 6494195, at *5 (Bankr. N.D. Ala. Nov. 4, 2020) (holding that joint and several liability with the debtor does not confer "related to" jurisdiction over a non-debtor co-defendant); *In re Legal Xtranet, Inc.,* 453 B.R. 699, 708 (Bankr. W.D. Tex. 2011) ("both the debtor and AT&T could be held separately liable for the uncollected sales taxes. While AT&T's payment of the tax assessment would reduce or eliminate the debtor's sales tax debt, such a contingency does not confer related to jurisdiction").

Plaintiffs' specific claim against Schwartz and Aaron under Count IV is, at best, a non-core claim. But that claim does not have any conceivable effect on the bankruptcy estate. If Plaintiffs were successful, their recovery would be against Schwartz and Aaron only. The bankruptcy estate will not benefit from their efforts.[7] Moreover, Plaintiffs' allegation of joint and several liability does not create a conceivable effect on the bankruptcy estate nor does joint and several liability with the Debtor confer "related to" jurisdiction. So, the claim in Count IV against Schwartz and Aaron has no conceivable effect on the bankruptcy estate.

Finally, Count V seeks to hold Schwartz and Aaron jointly and severally liable for the Debtor's alleged breach of contract. As noted, Plaintiffs' claim against the Debtor has already been

---

[6] Indeed, during the hearing, the Defendants and the Trustee acknowledged that Plaintiffs' claims against Schwartz and Aaron could be immediately pursued in another court should they choose to do so.

[7] Perhaps it could be argued that Plaintiffs' successful claim against and recovery from Schwartz and Aaron "might" result in a reduction of their claim against the bankruptcy estate. But that result is too remote and speculative at this point to have any conceivable effect on the bankruptcy estate warranting this court to find "related to" jurisdiction.

set up through the claims process as evidenced by their Proof of Claim. It is there where the alleged breach of contract claim against the Debtor will be decided – *not* in the Adversary Proceeding. It is there where Plaintiffs' claim against the Debtor will be addressed and if allowed, distributed in accordance with the distribution scheme established under 11 U.S.C. § 726. This makes Plaintiffs' claim under Count V, if any, solely a claim against non-debtors asserting state law causes of action. It is at best, a "non-core" proceeding because "as a general rule, 'actions asserted by those plaintiffs who filed actions against non-debtor parties exclusively, regardless of whether they filed a proof of claim,' are 'presumptively non-core.'" *In re Exide Techs.*, 544 F.3d 196, 215 (3d Cir. 2008). What is more, Plaintiffs' Proof of Claim filed in this bankruptcy case does not transform their pre-petition state law causes of action against the non-debtors Schwartz and Aaron into a core proceeding. *Id. See also, In re Argus Group 1700, Inc.*, 206 B.R. 737, 747-48 (Bankr.E.D.Pa.1996). In addition, joint and several liability cannot provide a basis for "related to" jurisdiction. *See Quattrone Accts., Inc,* 895 F.2d at 926. Thus, to the extent Plaintiffs also seek relief individually from the non-debtor defendants Schwartz and Aaron for the breach of contract claim in this Adversary Proceeding, that is a completely separate cause of action between non-debtors that has no conceivable effect on the bankruptcy estate. The claim does not confer "related to" jurisdiction here.

Since the claim in Counts IV and V against non-debtors Schwartz and Aaron do not fall into one of the four types of matters for which bankruptcy courts have jurisdiction, Counts IV and V as to Schwartz and Aaron must be dismissed with prejudice.

### 3. **Permissive Abstention Pursuant To 28 U.S.C. § 1334(C)(1) Over Counts IV and V is Appropriate**

Additionally, Schwartz and Aaron made arguments for the court to abstain in the alternative if the court found it did have jurisdiction over Counts IV and V. *See* Doc. No. 5-1, at 8-11 and Doc. No. 23-1, at 9-11, respectively. If it could be found that the court somehow has jurisdiction over Counts IV and V, the court agrees that permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) over those claims is appropriate.

Courts typically consider twelve factors when evaluating whether permissive abstention is warranted under § 1334(c)(1):

> (1) The effect or lack thereof on the efficient administration of the estate;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of non-debtor parties.

*In re DHP Holdings II Corp.,* 435 B.R. 220, 223–24 (Bankr. D. Del. 2010); *In re Venoco, LLC*, 596 B.R. 480, 492–93 (Bankr. D. Del. 2019), *aff'd*, 610 B.R. 239 (D. Del. 2020)*, aff'd sub nom. In re Venoco LLC*, 998 F.3d 94 (3d Cir. 2021). "The evaluation of these factors is not merely a mathematical exercise. Courts place more weight on some of the factors than others; particularly important are factors (1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core. Ultimately, the decision is left up to the broad discretion of the bankruptcy court." *DHP Holdings II Corp.,* 435 B.R. at 224 (internal citations omitted); *see also In re G-I Holdings, Inc*., 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The decision to exercise permissive abstention is committed to the sound discretion of the court").

Clearly, as set forth above, many of the factors exist favoring abstention. And when looking to the three most important factors, the existence of each of them weighs in favor of abstention. First, as explained above, the Counts involve claims by a non-debtor against non-debtor defendants. In light of the claims process and Plaintiffs submitting their Proof of Claim, the breach of contract claim under joint and several liability also remains only against non-debtors. To be sure, if Plaintiffs are successful with their claims against Schwartz and Aaron, any individual recovery by a non-debtor against non-debtor defendants will not have any effect on the administration of the bankruptcy estate. It certainly will not have an impact on the Proof of Claim as the amount determined through the claims process will remain constant as to the Debtor.[8] There is also no other conceivable impact that the Plaintiffs' successful claims under these Counts, if any, will have on the administration of the estate. Next, actions for civil conspiracy and breach of contract against non-debtors involve predominately state law issues and having the state court decide those issues promotes comity and consistency in the application of those laws. Next, as noted above, neither Count is within the core jurisdiction of the court. "A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights that would not exist independent of a bankruptcy environment." *In re Med. Educ. & Health Servs., Inc.*, 459 B.R. 527, 545 (Bankr. D.P.R. 2011). Counts IV and V alleged by Plaintiffs exist independent of a bankruptcy environment and therefore, are not core proceedings. At best, each Count constitutes a non-core proceeding focused on state court law which has no conceivable effect on the bankruptcy estate. Finally, another factor weighs in favor of abstention - the burden imposed upon the court's docket with the demand to address these claims. Effectively Plaintiffs are asking the court to duplicate its efforts by determining the breach of contract claim against non-debtors which has no effect or impact on the bankruptcy estate, while at the same time, determine the claim against the Debtor, which does have an effect/impact, through the claims process – a process that Plaintiffs are participating in as evidenced by their

[8] Presumably, Schwart and Aaron would seek recovery from the Debtor for any amounts they would pay to Plaintiff.

Proof of Claim. Plaintiffs are also asking the court to decide a non-core matter related to non-debtors over which state law predominates. This duplication of efforts and placing the court in a position to determine non-core proceedings in which state court predominates is burdensome. All of this favors abstention over these alleged non-debtor causes of action. *See G-I Holdings, Inc.*, 580 B.R. at 422.

#### 4. <u>The Trustee Alone Has Authority to Bring Fraudulent Transfer Claims</u>

Additionally, woven into Plaintiffs' pleadings are allegations of fraudulent transfers and concealment of assets in relation to the Debtor's estate. *See e.g.*, Doc. No. 1 at 15; Doc. No. 13 at 14. The court would like to note that "[f]raudulent transfer claims which allege a transfer of an interest in property that occurred prior to the Petition Date are property of the estate, [and] the trustee alone has standing to seek to avoid." *See In re Coley*, No. 25-22211, 2026 WL 681214, at *2 (Bankr. D.N.J. Mar. 10, 2026) (citing *In re Truong*, 2006 WL 4452984, at *5 (Bankr. D.N J. May 3, 2006)); *Coley,* 2026 WL 681214, at *2 ("In a Chapter 7 case, a trustee is appointed and granted broad authority under section 704 to administer the bankruptcy estate including being 'granted complete authority and discretion with respect to the prosecution and defense of any litigation of the [d]ebtor's estate.'") (citing *Truong* 2006 WL 4452984, at *4); *In re Gronczewski*, 444 B.R. 526, 533 (Bankr. E.D. Pa. 2011) ("there is a judicial consensus that the Bankruptcy Code provides that after the commencement of a bankruptcy case, only the bankruptcy trustee may bring an action to avoid a preference or to set aside a pre-petition fraudulent transfer made by the bankruptcy debtor.") The court is sympathetic to Plaintiffs' attempt to bring these claims before the court, but the authority to commence a fraudulent transfer action on behalf of the estate is left to the Trustee. Undoubtedly, if the Trustee finds sufficient cause to bring such an adversary proceeding forward, she will do so, as is her duty pursuant to 11 U.S.C. § 704. But these causes of action are for the Trustee to pursue, not Plaintiffs. The Complaint must be dismissed in this regard to the extent it tries to usurp the powers of the Trustee.

#### 5. <u>Sanctions against Schwartz and his Counsel are not Warranted</u>

Plaintiffs also moved for sanctions against Schwartz and his counsel pursuant to Fed. R. Bankr. P. 9011 alleging the Motion to Dismiss was frivolous as it argued ATS and Splash could not appear *pro se* as a corporate entity was required to be represented by counsel and that the requests for relief by those Plaintiffs must be dismissed. *See* Doc. No. 6, at 30-38, and Doc. No. 5-1, at 4-5. Plaintiffs sufficiently proved ATS' and Splash's designation as sole proprietorships and thereby resolved that issue.[9] *See* Doc. No. 6, Ex. A and B.

"Under Rule 9011, the signer of a pleading has an obligation to make a reasonable inquiry into the facts and law which support the pleading." *In re Schemelia*, 607 B.R. 455, 459 (Bankr. D.N.J. 2019) (citing *In re Kouterick*, 167 B.R. 353, 362 (Bankr. D.N.J. 1994)); *see also* Fed. R. Bankr. P. 9011(b). If the court "determines that [subsection] (b) has been violated, the court *may*…

[9] Plaintiffs also confirmed the sole proprietorship status at the August 11, 2026, hearing.

impose an appropriate sanction on any attorney, law firm, or party that committed the violation or is responsible for it." Fed. R. Bankr. P. 9011(c)(1) (emphasis added). "A motion for sanctions must be made separately from any other motion or request, describe the specific conduct alleged to violate (b), and be served under Rule 7004." *Id*. at (c)(2)(A).

Plaintiffs did not file a separate motion for sanctions, as sanctions were requested in the Opposition, Doc. No. 6. As such, this request for sanctions is not properly before the court.

Nevertheless, the court wishes to put this issue to bed. A motion is not warranted, and if filed correctly, would still be denied. "[T]he imposition of sanctions falls to the discretion of the Court. In this Circuit, Rule 11 sanctions are to be imposed only in exceptional circumstances where the claim or motion is patently unmeritorious or frivolous." *Schemelia*, 607 B.R. at 459 (internal citations omitted). Sanctions are not appropriate unless the court finds that an attorney failed to conduct a reasonable inquiry prior to filing the motion. *Id*. "A reasonable investigation need not be designed to result in the certainty of the facts averred, but 'must explore readily available avenues of factual inquiry.'" *In re Thomas*, 612 B.R. 46, 62 (Bankr. E.D. Pa. 2020) (citing *In re Parikh*, 508 B.R. 572, 585 (Bankr. E.D.N.Y. 2014)).

The court finds that Schwartz's mistake in arguing that the complaint must be dismissed because a corporate entity cannot appear *pro se* in an adversary proceeding was reasonable and not patently unmeritorious or frivolous. As Schwartz's counsel points out in their reply, Doc. No. 20 at 8, the adversary docket does not designate those Plaintiffs as "d/b/a" or any other annotation that would indicate they were sole proprietorships and operating as trade names for Vargas. While the court does caution parties not to rely on its dockets for substantive dates, deadlines, and other information as it is not infallible, the court will take that into account for the purpose of issuing sanctions. What is more, in a lease entered between the Debtor and ATS, Doc. No. 20, Ex. A, ATS is listed as an LLC. The court finds the presence of these two factors enough to excuse Schwartz and his counsel's error as to the corporate status of ATS and Splash. An assumption was made. No bad faith, ill intent, or carelessness was demonstrated. Counsel to Schwartz was credible in his explanation to the court and the court is not offended by his actions. Surely, this is not one of those "exceptional circumstances where the claim or motion is patently unmeritorious or frivolous." *Schemelia*, 607 B.R. at 459.

## CONCLUSION

Accordingly, this court vacates the defaults entered and GRANTS the Motions with the entirety of the Complaint being DISMISSED WITH PREJUDICE. Plaintiff's request for sanctions is denied. Plaintiffs can seek relief for their claims against the non-debtors in another forum.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: September 1, 2026